**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**MICHAEL HOLLOWAY,
ADC #142665**                                                                                               **PLAINTIFF**

**V.**                          **CASE NO. 5:13CV00044 DPM/BD**

**RAY HOBBS, et al.**                                                           **DEFENDANTS**

**RECOMMENDED DISPOSITION**

**I.**     **Procedures for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to United States District Judge D.P. Marshall Jr. Mr. Holloway–or any party–may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation. A copy will be furnished to the opposing party.

If no objections are filed, Judge Marshall can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

    Mail your objections to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, AR 72201-3325

**II.**    **Background:**

    Plaintiff Michael Holloway, an Arkansas Department of Correction ("ADC") inmate, filed this lawsuit *pro se* under 42 U.S.C. § 1983, alleging that he was injured while assigned to the fence crew at the Cummins Unit in March 2012. He complains that while moving boxes in the Old Gin and Seed building, he slipped and fell, resulting in a torn anterior cruciate ligament (ACL).

    Mr. Holloway alleges that his prison-guard supervisor, Defendant Levengood, was aware that the floors were slick and covered with mud, but that he did nothing to remedy the situation. As a result of his injury, Mr. Holloway seeks to hold Defendant Levengood liable for acting with deliberate indifference to his health and safety in violation of the Eighth Amendment. In addition, Mr. Holloway alleges that Defendants Hobbs, as Director of the ADC, and Defendant Lay, as Warden of the Cummins Unit, failed to properly train Defendant Levengood.

    In their motion for summary judgment, Defendants contend that: Mr. Holloway's claims for money damages against them in their official capacities are barred by sovereign immunity; Mr. Holloway failed to exhaust his claims against Defendants Hobbs and Lay as required by the Prison Litigation Reform Act ("PLRA"); his claims against

Defendants Hobbs and Lay fail because they cannot be held liable based on their supervisory positions; Mr. Holloway's deliberate-indifference claims fail as a matter of law; and the Defendants are entitled to qualified immunity. (#26) Mr. Holloway has responded to the Defendants' motion, and the Defendants have replied. (#30, #31, #32)

Based on the evidence presented, the Court recommends that the Defendants' motion for summary judgment (#26) be GRANTED.[1]

### III. Discussion:

#### A. Standard

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine dispute as to any material fact. FED.R.CIV.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 246, 106 S.Ct. 2505 (1986). The moving party bears the initial responsibility of demonstrating the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986). If the moving party meets this burden, the nonmoving party must respond with specific facts that are genuinely disputed. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042

---

[1] Because the Court concludes that Mr. Holloway has failed to exhaust his administrative remedies against Defendants Hobbs and Lay, the merits of Mr. Holloway's claims against these Defendants are not addressed in this Recommendation. Similarly, because Mr. Holloway's deliberate-indifference claim against Defendant Holloway fails as a matter of law, the Court will not address the Defendants' qualified-immunity argument in this Recommendation.

(8th Cir. 2011) (en banc). When a plaintiff does not come forward with enough evidence to establish a necessary element of his claim, the moving party is entitled to judgment as a matter of law on that claim. *Celotex Corp.*, 447 U.S. at 322-23, 106 S.Ct. at 2552.

B. Sovereign Immunity

Mr. Holloway's claim for money damages from the Defendants in their official capacities are barred, of course, by sovereign immunity. A civil litigant cannot recover money damages from state actors sued in their official capacities. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 109 S.Ct. 2304 (1989). Official-capacity claims against the Defendants for money damages should be dismissed.

C. Exhaustion

Defendants contend that Mr. Holloway failed to exhaust his administrative remedies against Defendants Hobbs and Lay before filing this lawsuit. It is well settled law that prisoners must exhaust all available administrative remedies before turning to the courts. 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 738, 121 S.Ct. 1819 (2001) (holding that available remedies "must be exhausted before a complaint under § 1983 may be entertained"). As a general rule, a court must dismiss all claims that were not fully exhausted before the lawsuit was filed. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

Here, it is undisputed that Mr. Holloway fully exhausted only two grievances regarding the events giving rise to this lawsuit, grievance CU-12-661 and grievance CU-

12-726.[2]  It is also undisputed that Mr. Holloway did not mention either Defendant Hobbs or Defendant Lay in those grievances; nor did he mention the failure of any ADC staff member (by name or title) to adequately train Defendant Levengood.  (#2 at pp. 18, 22)

In response to the Defendants' motion for summary judgment, Mr. Holloway argues that he thought that he had adequately identified Defendants Hobbs and May in grievance CU-12-726 by stating that "this grievance is against the person or group of people who approved these boots for use by fence crew."  In that grievance, however, Mr. Holloway did not refer to any ADC staff member's failure to train Defendant Levengood.

Mr. Holloway also alleges that the ADC grievance procedure prohibited him from filing another grievance regarding this incident.  He argues that any such grievance would have been denied as duplicative.  Under settled law, it is irrelevant that a prisoner subjectively believed that there was no point in pursuing an administrative remedy.  *Lyon v. Vande Krol*, 305 F.3d 806, 808–09 (8th Cir. 2002); *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000), cert. denied 531 U.S. 1156 (2001).

Mr. Holloway has failed to present any evidence showing that he attempted to file such a grievance.  Furthermore, it is uncertain that, had he filed a grievance, it would have been denied as duplicative.  A claim that Defendants Hobbs and Lay failed to adequately

---

[2]  The Court notes that although Defendants failed to provide an affidavit from an ADC employee testifying that Mr. Holloway fully exhausted only two grievances regarding the incident at issue, Mr. Holloway does not contest this fact in his response to the Defendants' motion.

train Defendant Levengood, although related, is not duplicative of a claim that Defendant Levengood acted with deliberate indifference to Mr. Holloway's safety. Accordingly, Mr. Holloway's failure-to-train claims against Defendants Hobbs and Lay should be dismissed based on Mr. Holloway's failure to exhaust his administrative remedies.

    C.    Deliberate Indifference

Mr. Holloway alleges that on March 14, 2002, he was assigned to the fence crew charged with moving a large supply of two-hundred-pound boxes from the Old Gin and Seed Building (OGS Building) onto a trailer outside of the building. Mr. Holloway explains that the OGS Building was in poor condition and that several pieces of the roof were either damaged or missing. Because heavy rain had fallen in the area during the three days prior to the incident, the floors were covered with mud and were very slick, according to Mr. Holloway's allegations.

Mr. Holloway alleges that shortly after the fence crew began removing boxes from the OGS Building, several crew members slipped on the muddy floor. After that, Mr. Holloway, as well as other members of the fence crew, voiced complaints about the dangerous conditions. According to Mr. Holloway, Defendant Levengood "ignored the protests of the inmates and ordered fence crew back to work." (#2 at p.7)

The inmates then suggested that the floor be covered with "tarpaulins to provide better traction." (#2 at p.7) Defendant Levengood allegedly refused to allow the inmates to do so. Mr. Holloway says that he then asked Defendant Levengood whether four

inmates, rather than two, could transport each box. Defendant Levengood, again, allegedly refused the request and ordered the inmates back to work.

Finally, three members of the fence crew asked Defendant Levengood if they could scrape the mud off of the floor with rakes, hoes, and brooms. Defendant Levengood, again, refused the prisoners' request and "[implied] that any further delay in the work would result in disciplinary action being taken." (#2 at p.7)

An hour later, Mr. Holloway says, he slipped and twisted his knee, and the box that he was carrying fell on him. After the accident, he was taken to the infirmary. Although he was initially diagnosed with a sprained ACL, doctors later determined that his ACL was torn. As a result, he had to undergo reconstructive surgery on his left knee.

Mr. Holloway has attached a number of inmate affidavits to both his complaint and his response to the motion for summary judgment. All support his version of the events that led up to his injury. Several inmates testified that the floor of the building was muddy, slippery, slick, and wet. (#2 at pp.12, 14) In addition, another inmate testified that he attempted to clean the floors before starting work in the building using a broom and hoe, but that Lieutenant Barnett (not a party to this lawsuit) stopped him. (#2 at p.15) Another inmate testified that he asked Defendant Levengood to permit four inmates to move each box, but that Defendant Levengood denied this request. (#31 at pp.25-26) And another member of the fence crew testified that Defendant Levengood "refused to

take even the simplest measures, such as allowing the inmates of fence crew to clean the floor, to lessen the danger to the inmates working for him." (#31 at pp.27-28)

In support of their motion for summary judgment, the Defendants offer Defendant Levengood's affidavit. Defendant Levengood testified that he did a "walk through" of the work site and "did not notice any hazards." (#26-2 at p.2) He further stated that he "walked across the floor in the building several times without any problem and the floor appeared to be dry." *Id*.

Based on the contradictory testimony, there is a disputed issue of fact as to the condition of the floor of the OGS Building on the date Mr. Holloway sustained his injury. But is this a material fact? The Court concludes that it is not. Drawing all inferences in Mr. Holloway's favor, as the Court is bound to do in considering this motion for summary judgment, the Court will assume that the floor was wet, muddy, and slippery. Still, Mr. Holloway's deliberate-indifference claim fails.

To succeed on an Eighth Amendment claim, Mr. Holloway must prove that the condition of the floor was "objectively, sufficiently serious" and that Defendant Levengood knew of, but disregarded, a substantial risk of serious harm to Mr. Holloway. *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994).

In their motion, Defendants correctly note that "[i]n the workplace safety context," the Eighth Circuit Court of Appeals has held that "mere negligence or inadvertence is insufficient to constitute deliberate indifference." *Stephens v. Johnson*, 83 F.3d 198,

201 (8th Cir. 1996) (citing *Choate v. Lockhart*, 7 F.3d 1370, 1374 (8th Cir. 1993) (citing *Wilson*, 501 U.S. at 305, 111 S.Ct. at 2327-28)) and *Estelle v. Gamble*, 429 U.S. 97, 104-06, 97 S.Ct. 285, 291-92, 50 L.Ed.2d 251 (1976) (stating that deliberate indifference state of mind requires a showing of more than mere negligence)). The Eighth Circuit has explained that "deliberate indifference requires a highly culpable state of mind approaching actual intent." *Choate*, 7 F.3d at 1374.

Although the evidence presented by Mr. Holloway may well support a finding of negligence, or even gross negligence, based on Eighth Circuit precedent, the conduct does not support the conclusion that Defendant Levengood acted with deliberate indifference.

In *Choate v. Lockhart*, *supra*, an inmate was injured when he slipped off a roof where he was working. In that case, supervisors had failed to provide certain safety precautions and, as with this case, the supervisors had received complaints about a slick working surface. In fact, the slick working surface in the *Choate* case was a roof – arguably more dangerous than a slick floor. The *Choate* Court held that "the evidence [fell] far short of establishing deliberate indifference to worksite conditions." *Id*. at 1375. The Court went on to state that deliberate indifference "require[s] a showing that [the supervisors] knew of *extreme dangers* at the worksite, but ignored these hazards and required the crew to continue working anyway." *Id*. (emphsis added). It is difficult to distinguish the facts in *Choate* from the facts in this case.

In another case, *Warren v. Missouri*, 995 F.2d 130, 130 (8th Cir. 1993), an inmate was injured while operating an industrial table saw at a prison factory. Prison supervisors failed to provide "anti-kickback fingers" and knew of prior injuries that had resulted from the lack of the safety device. Nonetheless, the Eighth Circuit determined that the supervisors were entitled to qualified immunity. *Id*. The Court stated that the inmate's allegations fell "far short of creating a genuine issue of deliberate indifference to a serious issue of work place safety." *Id*. at 131.

Similarly, in *Stephens v. Johnson*, 83 F.3d 198 (8th Cir. 1996), the Court concluded that inmates had failed to state a deliberate-indifference claim against prison officials after they were injured as a result of work-place conditions. In that case, other inmates had previously suffered injuries as a result of the same conditions so prison officials were on notice of the danger.

Based on cases in this Circuit, Mr. Holloway has not presented evidence showing that Defendant Levengood acted with a sufficiently culpable state of mind to establish deliberate indifference. Therefore, Defendant Levengood is entitled to judgment as a matter of law.

### IV.   **Conclusion:**

The Court recommends that the Defendants' motion for summary judgment be GRANTED. Mr. Holloway's official-capacity claims should be DISMISSED with prejudice; his claims against Defendants Hobbs and Lay should be DISMISSED, without

prejudice, for failure to exhaust his administrative remedies; and his deliberate-indifference claim against Defendant Levengood should be DISMISSED, without prejudice.[3]

DATED this 3rd day of October, 2013.

_____
UNITED STATES MAGISTRATE JUDGE

---

[3] The Court recommends that Mr. Holloway's deliberate-indifference claim be dismissed without prejudice so that he is not barred from pursing a negligence claim in state court or before the Arkansas Claims Commission.